IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD.,<br><br>*Plaintiff,*<br><br>CABINETS TO GO, LLC,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>AMERICAN KITCHEN CABINET ALLIANCE<br><br>*Defendant-Intervenor.* | Ct. No. 20-00114 |

**ORDER**

Upon consideration of the Rule 56.2 Motion for Judgment on the Agency Record filed by Cabinets to Go, LLC, and all other papers and proceedings herein, it is hereby

**ORDERED** that the Plaintiff-Intervenor's motion is granted, and it is further

**ORDERED** that this matter is remanded to the United States Department of Commerce with instructions to issue a new determination consistent with this Court's decision.

_____

Judge

Dated: _____, 2020

New York, New York

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., <br><br> *Plaintiff,* <br><br> CABINETS TO GO, LLC, <br><br> *Plaintiff-Intervenor,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> AMERICAN KITCHEN CABINET ALLIANCE <br><br> *Defendant-Intervenor.* | Ct. No. 20-00114 |

## PLAINTIFF-INTERVENOR'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade, Plaintiff-Intervenor Cabinets to Go, LLC (hereinafter "CTG") moves for judgement upon the agency record for the reasons set forth in this supporting memorandum. CTG is, an importer of the subject merchandise and challenges certain aspects of the United States Department of Commerce's ("Commerce") final determination in *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020); *see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of*

*Sales at Less Than Fair Value*, 85 Fed. Reg. 17,855 (Mar. 31, 2020), and accompanying Issues and Decision Memorandum ("Issues and Decision Memo").

Plaintiff-Intervenor respectfully moves this Court to remand the case back to the Department with instructions to reconsider aspects of its determination in accordance with this Court's decision.

Respectfully submitted,

/s/ Mark Ludwikowski
Mark Ludwikowski
Courtney Gayle Taylor
R. Kevin Williams
William Sjoberg

*Counsel to Plaintiff-Intervenors*
*Cabinets To Go, LLC*

September 11, 2020

## TABLE OF CONTENTS

I. RULE 56.2 STATEMENT ................................................................................................ 1

   A. The Administrative Determination Under Review ............................................... 1

   B. Issue of Law Presented ........................................................................................... 2

II. STANDARD OF REVIEW ............................................................................................. 2

III. STATEMENT OF FACTS ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

V. CONCLUSION ................................................................................................................. 4

# TABLE OF AUTHORITIES

**Statutes**

19 U.S.C. § 1516a(f)(3) .................................................................................................................. 3

19 U.S.C. § 1677(9)(A).................................................................................................................. 3

19 U.S.C. §1516a(b)(1)(B)(i)......................................................................................................... 3

28 U.S.C. § 1581(c) ....................................................................................................................... 2

**Administrative Decisions**

*Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Antidumping Duty Order,* 85 Fed. Reg. 22,126 (Apr. 21, 2020) ................................................ 2

*Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of Sales at Less Than Fair Value,* 85 Fed. Reg. 17,855 (Mar. 31, 2020) ........................................................................................................ 2

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., <br><br> *Plaintiff,* <br><br> CABINETS TO GO, LLC, <br><br> *Plaintiff-Intervenor,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> AMERICAN KITCHEN CABINET ALLIANCE <br><br> *Defendant-Intervenor.* | Ct. No. 20-00114 |

**PLAINTIFF-INTERVENOR'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

  Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade, Plaintiff-Intervenor Cabinets to Go, LLC (hereinafter "CTG") moves for judgement upon the agency record for the reasons set forth in this supporting memorandum.

  I. **RULE 56.2 STATEMENT**

  A. **The Administrative Determination Under Review**

  Pursuant to 28 U.S.C. § 1581(c), CTG challenges certain aspects of the Department of Commerce's ("Commerce") final determination and corresponding antidumping duty ("AD") order in the investigation of Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China. *See Wooden Cabinets and Vanities and Components Thereof From*

1

*the People's Republic of China: Antidumping Duty Order,* 85 Fed. Reg. 22,126 (Apr. 21, 2020)*; see also Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Corrected Notice of Final Affirmative Determination of Sales at Less Than Fair Value,* 85 Fed. Reg. 17,855 (Mar. 31, 2020), and accompanying Issues and Decision Memorandum.

### B. Issue of Law Presented

Whether Commerce's selection of Romania as the primary surrogate country to calculate AD margins in the investigation despite the availability of more suitable data for Malaysia, is based on substantial evidence and otherwise in accordance with law.

While CTG does not take a position regarding the arguments made on this issue by Plaintiff Ancientree Cabinet Co., Ltd., ("Ancientree"), should the Court accept Ancientree's arguments that its AD margin should be recalculated based on Malaysia as a surrogate country, then the same recalculation must be undertaken by Commerce pursuant to its practice for the AD margins of other mandatory respondents Rizhao Foremost Woodwork Manufacturing Company Ltd. ("Foremost") and Dalian Meisen Woodworking Co., Ltd. ("Meisen"), as well as companies not individually investigated but receiving a separate AD rate ("separate rate respondents").

### II. STANDARD OF REVIEW

The standard of review, as set forth in 19 U.S.C. §1516a(b)(1)(B)(i), requires the Court to examine whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

### III. STATEMENT OF FACTS

CTG incorporates by reference herein the facts set forth in briefs filed by Lead Plaintiffs on September 11, 2020.

CTG is an importer of the subject merchandise and was a respondent in the AD investigation under appeal. Therefore, CTG is an interested party pursuant to 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). CTG actively participated in the investigation by submitting a scope brief on April 19, 2019, addressing Commerce's inclusion of ready-to-assemble cabinets within the scope of the orders. Counsel for CTG also attended Commerce hearings. Finally, the calculated rate applied to CTG's suppliers was based on the rates assigned to two of the mandatory respondents selected by Commerce for individual examination in this investigation, namely Ancientree and Foremost. Commerce calculated the AD margin for Meisen based on adverse facts available which was not used in the calculation of the rate assigned to the separate rate respondents.

Ancientree has challenged the method by which Commerce calculated its AD rate, namely Commerce's use of Romania instead of Malaysia as the surrogate country. Thus, any recalculation under this appeal of Plaintiff's AD rate resulting from a change of the surrogate country to Malaysia must likewise be applied pursuant to Commerce practice to recalculate the AD margins for the other two mandatory respondents and the separate rate respondents, including CTG's suppliers.

### IV. ARGUMENT

Commerce calculated the AD margins for the mandatory respondents in the investigation based on Romanian surrogate values. Plaintiff Ancientree has challenged Commerce's use of Romania as the surrogate country instead of Malaysia for which better-quality and more suitable data was available. CTG's incorporates by reference herein Ancientree's argument that Commerce's use of Romanian surrogate values was not based on substantial evidence under the condition any recalculation of the AD margin based on Malaysia as the surrogate country must

be applied uniformly to all mandatory respondents and separate rate respondents in the investigation.

## V. CONCLUSION

For the reasons discussed above, CTG respectfully requests that this Court:

(1) order Commerce to revise the AD rate for all mandatory respondents and separate rate respondents should the Court accept Plaintiff's arguments regarding Commerce's choice of surrogate country; and

(2) award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mark Ludwikowski
Mark Ludwikowski
Courtney Gayle Taylor
R. Kevin Williams
William Sjoberg

*Counsel to Plaintiff-Intervenors*
*Cabinets To Go, LLC*

September 11, 2020

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff-Intervenor Cabinets to Go, LLC ("CTG") Memorandum of Law in Support of its 56.2 Motion, as computed by Clark Hill's word processing system Microsoft Office Professional, is <u>709</u> words, less than the 14,000 word limit.

<u>/s/ Mark Ludwikowski</u>
Mark Ludwikowski

*Counsel to Plaintiff-Intervenors*
*Cabinets To Go, LLC*

September 11, 2020