UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| CABINETS TO GO, LLC, ) | |
| ) | |
| *Plaintiff-Intervenor*, ) | |
| ) | |
| v. ) | Court No. 20-00114 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| *Defendant*, ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN KITCHEN CABINET ALLIANCE, ) | |
| ) | |
| *Defendant-Intervenors*. ) | |
| ) | |

## DEFENDANT'S MOTION TO STRIKE

Pursuant to Rules 6, 7, and 81(m) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court strike the last full paragraph on page 4 and the supporting attachment of the Post-Argument Submission filed by plaintiff, The Ancientree Cabinet Co., LTD (Ancientree). Post-Arg. Sub, ECF 53.

In its post-argument submission made pursuant to the Court's invitation at oral argument held on April 14, 2021, Ancientree raised a new argument and attached new factual information that was not on the record of the underlying investigation. Ancientree had not previously raised this new argument in its prior written materials or at oral argument. Specifically, on page 4 of its post-argument submission, in the section titled "Sawnwood Specificity & Other Inputs,"

1

Ancientree cites letters sent by Commerce in a completely separate proceeding to argue that Commerce should have requested additional information regarding the sawnwood inputs, and because Commerce did not do so, this would "justify remand to elicit any needed clarification." Post-Arg. Sub. at 4 and Attachment.

This Court's review of antidumping duty administrative proceedings is limited by statute to the record before the agency. 19 U.S.C. § 1516a(b)(2)(A) (defining scope of record for review in proceedings before the Court of International Trade); *see* S. Rep. No. 96-249, at 247-48 (1979) (judicial review of antidumping proceedings is based on "information before the relevant decision-maker at the time the decision was rendered"). Introducing this affirmative argument and new factual information at this stage of litigation, after all opportunities for briefing and argument have concluded, raises concerns of fairness and prejudice. Ancientree does not articulate why this Court should depart from the statutory scope of review and consider documents that were not part of the administrative record before the agency.

Although motions to strike are generally disfavored, the Court possesses the authority in extraordinary circumstances to strike statements or new materials presented by a party. *See, e.g.*, *Acciai Speciali Terni S.p.A. v. United States*, 120 F. Supp. 2d 1101, 1106 (Ct. Int'l Trade 2000); *Kerr-McGee Chem. Corp. v. United States*, 985 F. Supp. 1162, 1164 (Ct. Int'l Trade 1997) (striking materials from the record). In *Florida Tomato Exchange v. United States*, 973 F. Supp. 2d 1334, 1338 (Ct. Int'l Trade 2014), the Court explained that a motion to strike should be granted if there has been a "flagrant disregard of the rules," where "the brief demonstrates a lack of good faith," or where "the court would be prejudiced or misled by the inclusion in the brief of the improper material." The Court possesses "broad discretion in evaluating {whether to grant or deny} motions to strike.'" *Id.* (quoting *Hynix Semiconductor, Inc. v. United States*, 27 CIT

1469, 1470 (2003)); *see also* USCIT R. 81(m) (stating the requirements for briefs filed before the Court and permitting the Court to "disregard{}" briefs that do not comply with the Court's rules).

Here, Ancientree has already availed itself of the opportunity to file an affirmative brief and a reply brief in support of its motion for judgment on the agency record pursuant to USCIT R. 56.2. ECF 28, 36. The documents Ancientree now attempts to introduce to the Court were not a part of the underlying record of this proceeding, and Ancientree has not made the argument at issue at any point prior to this stage of litigation. Thus, it is inappropriate for plaintiff to raise this new argument and include non-record attachments in a second reply after oral argument. *Cf. Novosteel SA v. United States Bethlehem Steel Corp.*, 284 F. 3d 1261, 1274 (Fed. Cir. 2002) (explaining that arguments should not be raised for the first time on a reply because the non-moving party ordinarily has no ability to respond to those arguments).

## CONCLUSION

For these reasons, the Court should strike the last full paragraph on page 4 and the supporting attachment of Ancientree's Post-Argument Submission.

                                              Respectfully Submitted,

                                              BRIAN M. BOYNTON
                                              Acting Assistant Attorney General

                                              JEANNE E. DAVIDSON
                                              Director

                                              /s/Tara K. Hogan
                                              TARA K. HOGAN
                                              Assistant Director

                                              /s/Ioana Cristei
OF COUNSEL:                             IOANA CRISTEI
SAVANNAH ROSE MAXWELL        Trial Attorney
Attorney                                    Commercial Litigation Branch

| | |
|---|---|
| Department of Commerce<br>Office of Chief Counsel for Trade<br>Enforcement & Compliance<br>1401 Constitution Avenue, NW<br>Washington, DC 20005 | U.S. Department of Justice<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-0001<br>Fax: (202) 305-2062<br>Email: Ioana.Cristei@usdoj.gov |
| April 20, 2021 | *Attorneys for Defendant United States* |