# UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| CABINETS TO GO, LLC, ) | |
| ) | |
| *Plaintiff-Intervenor*, ) | |
| ) | |
| v. ) | Court No. 20-00114 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| *Defendant,* ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN KITCHEN CABINET ALLIANCE, ) | |
| ) | |
| *Defendant-Intervenor*. ) | |

## **ORDER**

Upon consideration of Defendant-Intervenor's Motion to Strike Portions of Plaintiff's Post-Argument Submission (ECF 53), all responses thereto, and all other papers and proceedings herein, and upon due deliberation and consideration of the same, it is hereby

**ORDERED** that all portions of Plaintiff's Post-Argument Submission and the accompanying attachment which contain material not on the record, as identified in Defendant-Intervenor's Motion to Strike, be and hereby are stricken from the record; and it is further

**ORDERED** that Plaintiff shall re-file its Post-Argument Submission with the stricken portions and attachment removed within three business days of this order.

It is **SO ORDERED**.

_____
Honorable Gary S. Katzmann, Judge
U.S. Court of International Trade

Dated: _____, 2021
       New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., )<br>)<br>*Plaintiff,* )<br>)<br>CABINETS TO GO, LLC, )<br>)<br>*Plaintiff-Intervenor*, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>*Defendant,* )<br>)<br>and )<br>)<br>AMERICAN KITCHEN CABINET ALLIANCE, )<br>)<br>*Defendant-Intervenor*. )<br>) | Court No. 20-00114 |

**DEFENDANT-INTERVENOR'S MOTION TO STRIKE PORTIONS
OF PLAINTIFF'S POST-ARGUMENT SUBMISSION**

Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.

SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for the American Kitchen
Cabinet Alliance*

Dated: April 21, 2021

# TABLE OF CONTENTS

I. Legal Standard ........................................................................................................................ 2
II. Plaintiff's Brief Contains Material That Was Submitted In Flagrant Violation of the Rules of the Court and to Prejudice and Mislead the Court............................................................. 3
III. Conclusion ............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Acciai Speciali Terni S.p.A. v. United States*, 24 CIT 1211, 120 F. Supp. 2d 1101 (2000)............ 2

*Beker Indus. Corp. v. United States*, 7 CIT 313 (1984)................................................................. 2

*Brookside Veneers, Ltd. v. United States*, 9 CIT 596 (1985)........................................................... 3

*Edge Import Corp. v. United States*, 82 Cust.Ct. 343, C.R.D. 79–7 (1979) .................................. 3

*Jimlar Corp. v. United States*, 10 CIT 671, 674 F .Supp. 932 (1986) ............................................ 2

*Kerr-McGee Chem. Corp. v. United States,* 21 CIT 1179, 985 F. Supp. 1162 (1997)................... 2

*Rhodia, Inc. v. United States*, 26 CIT 1107, 240 F.Supp.2d 1247 (2002) ...................................... 2

*Sachs Automotive Prods. Co. v. United States*, 17 CIT 740 (1993) ............................................... 4

**Statutes**

19 U.S.C. § 1516a(a)(2)................................................................................................................... 2

19 U.S.C. § 1516a(b)(2)(A) ............................................................................................................ 2

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| THE ANCIENTREE CABINET CO., LTD., | ) | |
| *Plaintiff,* | ) | |
| CABINETS TO GO, LLC, | ) | |
| *Plaintiff-Intervenor*, | ) | |
| v. | ) | Court No. 20-00114 |
| UNITED STATES, | ) | |
| *Defendant,* | ) | |
| and | ) | |
| AMERICAN KITCHEN CABINET ALLIANCE, | ) | |
| *Defendant-Intervenor*. | ) | |

**DEFENDANT-INTERVENOR'S MOTION TO STRIKE PORTIONS
OF PLAINTIFF'S POST-ARGUMENT SUBMISSION**

Pursuant to Rules 12(f) and 81(m) of the Rules of this Court, the American Kitchen Cabinet Alliance ("AKCA") moves to strike portions of Plaintiff's April 19, 2021 Post-Argument Submission (ECF 53) and the attachment thereto. As discussed below, certain portions of Plaintiff's submission contain material that is not part of the agency record in this action. Furthermore, Plaintiff submitted this material in flagrant violation of the Rules of the Court, and failing to strike this information may seriously prejudice or mislead the Court in the adjudication of this matter. Accordingly, the AKCA respectfully requests that the material be stricken from the record and that Plaintiff should be instructed to refile its Post-Argument Submission without the material in question.

## I. Legal Standard

Judicial review is limited to the administrative record developed by the agency. *See* 19 U.S.C. § 1516a(a)(2); *see also Kerr-McGee Chem. Corp. v. United States,* 21 CIT 1179, 1181-82, 985 F. Supp. 1162, 1164 (1997) (citing cases). This Court "may consider only materials contained in the administrative record." *Id.* The statute defines the record as consisting of:

> (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission **during the course of the administrative proceeding**, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f (a)(3) of this title; and
> (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register.

19 U.S.C. § 1516a(b)(2)(A) (emphasis added); *see also Beker Indus. Corp. v. United States*, 7 CIT 313, 315 (1984) (recognizing that "it is clear to this court that Congress intended to limit the scope of record for review to the particular determination made"). Only in "exceptional circumstances," "such as where a document was considered by the agency and not included in the record," will this Court consider information that was not included in the agency record filed with the court. *Kerr-McGee*, 21 CIT at 1181–82, 985 F. Supp. at 1163–64 (internal quotation marks and citations omitted).

The Court has entertained motions to strike material submitted by parties that is outside the agency record, but has cautioned that such action is considered an "extraordinary measure," *Acciai Speciali Terni S.p.A. v. United States*, 24 CIT 1211, 1217, 120 F.Supp.2d 1101, 1106 (2000), and as such should only be "granted when there is a 'flagrant disregard of the rules of the court,' as when 'the brief demonstrates a lack of good faith, or ... the court would be prejudiced or misled by the inclusion in the brief of the improper material.'" *Rhodia, Inc. v. United States*, 26 CIT 1107, 1109 n. 5, 240 F.Supp.2d 1247, 1249 n. 5 (2002) (quoting *Jimlar Corp. v. United States*, 10 CIT 671, 673, 674 F .Supp. 932 (1986)). Depending upon the circumstances of the

particular case, it may be appropriate to strike an entire brief, to strike improper portions of a brief, or to disregard any objectionable matter contained in the brief. *Cf., e.g., Brookside Veneers, Ltd. v. United States*, 9 CIT 596 (1985) *with Edge Import Corp. v. United States*, 82 Cust.Ct. 343, C.R.D. 79–7 (1979).

## II. Plaintiff's Brief Contains Material That Was Submitted In Flagrant Violation of the Rules of the Court and to Prejudice and Mislead the Court.

As demonstrated below, certain portions of Plaintiff's Post-Argument Submission meet the threshold established by this Court for being stricken from the record, because they were submitted in flagrant violation of the Rules of the Court and to prejudice and mislead the Court. One of the key issues in this case is whether Plaintiff's suggestion of certain HTS codes in its surrogate value submission constitutes actual "evidence" of the nature of its inputs or simply a suggestion of how those inputs should be valued. In an attempt to salvage its argument on this issue, Plaintiff submits the following in its brief:

> Rather, it is most common in antidumping proceedings that further details concerning the nature of inputs is discussed in surrogate value submissions or potentially later supplemental questionnaires. For example, in several reviews of *Crystalline Silicon Photovoltaic Cells from China*, Commerce has issued supplemental questionnaires on the nature of inputs when it was uncertain whether the HTS recommended by the respondent was correct. *See* Attachment. Commerce's lack of curiosity with respect to Ancientree's assertions reasonably infers the descriptions were accepted; but would also justify remand to elicit any needed clarification.

*See* Plaintiff's Post-Argument Submission at 4. The attachments referenced in this passage are supplemental questionnaires issued by the U.S. Department of Commerce ("Commerce") in administrative reviews of *Crystalline Silicon Photovoltaic Cells from China*. These documents are from completely separate administrative proceedings and are nowhere to be found on the record of the underlying proceeding at issue in this action. Plaintiff has thus submitted these documents to the Court in flagrant disregard for the Rules of the Court.

3

In addition, these documents have been submitted in a manner that prejudices and misleads the Court. Plaintiff mischaracterizes the significance of these documents by suggesting that they show it is common for respondents to submit additional details regarding the nature of their inputs in surrogate value submissions. Plaintiff also prejudices the Court by stating that Commerce's decision not to issue additional supplemental questionnaires constitutes assent to the HTS codes in a respondent's surrogate value submission. The AKCA vigorously and resoundingly objects to these assertions. However, to "set the record straight" on this matter would require examining the entire record of the reviews in *Crystalline Silicon Photovoltaic Cells from China* as well as the record of other proceedings conducted by Commerce.[1] This would not only be a violation of the Rules of the Court and the statutory standard of review but would also be a waste of the parties' resources. Accordingly, the above-referenced passage and attachment should be stricken. *Sachs Automotive Prods. Co. v. United States*, 17 CIT 740, 741–42 (1993) (striking party's brief because it contained "numerous objectionable citations" to materials outside of the administrative record and it would not "be fair to the other parties to require them to respond to a submission replete with references dehors the record").

Another key issue in this case is whether Plaintiff ever submitted evidence to Commerce in the underlying investigation that its sawnwood inputs were planed or endjointed. To bolster its otherwise completely unsupported claims that it did, Plaintiff submits the following:

---

[1] The AKCA notes, however, that even the materials submitted by Plaintiff – by themselves and without any additional context – demonstrate that respondents are permitted to describe the nature of their inputs in original questionnaire responses or in supplemental questionnaire responses. Commerce does not accept the HTS codes suggested by a respondent in a surrogate value submission as evidence of the nature of its inputs. *See* Plaintiff's Post-Argument Submission at Attachment.

4

> Commerce also observed this at verification, fully aware from Ancientree's surrogate value submissions and preliminary comments that Ancientree maintained its sawnwood was not planed or endjointed.

See Plaintiff's Post-Argument Submission at 4. Commerce's observations during its verification of Ancientree are reflected in the verification report that the agency issued, and nowhere in that report does Commerce state that it observed the sawnwood inputs were not planed or endjointed. See Commerce Ancientree Verification Report (Dec. 10, 2019) (C.D. 1530, P.D. 1502). As it did during oral argument, Plaintiff misleads the Court by suggesting that Commerce officials personally observed that Plaintiff's sawnwood inputs were not planed or endjointed. Plaintiff's statement regarding what happened at verification are not record evidence of what actually happened at verification. Thus, this so-called "information" is not on the record and should be stricken from Plaintiff's Post-Argument Submission.

## III. Conclusion

For the foregoing reasons, the AKCA respectfully requests that this Court enter an Order striking the identified passages and attachment of Plaintiff's Post-Argument Submission and requiring Plaintiff to file a new version of its submission with the offending material removed.

Respectfully submitted,

*/s/ Luke A. Meisner*
Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700
*Counsel for the American Kitchen Cabinet Alliance*

Dated: April 21, 2021