UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Gary S. Katzmann, Judge**

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD. )<br>)<br>Plaintiff, )<br>)<br>CABINETS TO GO, LLC, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>AMERICAN KITCHEN CABINET ALLIANCE, )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 20-00114 |

**ORDER**

Upon review of Defendant's and Defendant-Intervenor's Motions to Strike; upon consideration of Plaintiff's Response to the Motions; upon consideration of other papers and proceedings herein; and upon due deliberation, it is hereby

**ORDERED** that Defendant's and Defendant-Intervenor's Motions are DENIED.

Dated: _____, 2020                    _____
      New York, New York                                                          Gary S. Katzmann, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Gary S. Katzmann, Judge**

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD. )<br>)<br>Plaintiff, )<br>)<br>CABINETS TO GO, LLC, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>AMERICAN KITCHEN CABINET ALLIANCE, )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 20-00114 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S MOTIONS TO STRIKE**

Plaintiff The Ancientree Cabinet Co., Ltd., ("Ancientree" or "Plaintiff") submits this opposition to the United States' and the Defendant-Intervenor American Kitchen Cabinet Alliance's ("AKCA" or "Defendant-Intervenor") Motions to Strike. *See* U.S. Motion to Strike (April 21, 2021), **ECF No. 55**; Def-Int. Motion to Strike (April 21, 2021), **ECF No. 56**. In their Motions, the United States and AKCA failed to provide compelling reasons that warrant the Court to take the extraordinary measure of striking portions of Ancientree's Post-Argument

1

Submission. Therefore, the Court should deny the Motions to Strike filed by the United States and AKCA.

The United States argued that Ancientree raised new affirmative argument that was not previously raised, and submitted new factual information that was not on the record of the underlying proceedings. *See generally*, U.S. Motion to Strike. AKCA raised similar arguments. *See generally*, AKCA Motion to Strike at 1-4. The United States and AKCA therefore requested that the Court strike the last full paragraph of Ancientree's Post-Argument Submission and the Attachment. Ancientree submits that the Court should reject the Motions to Strike for two reasons. First, Movants failed to demonstrate that Ancientree's Post-Argument Submission was made in bad faith or included material that is scandalous or inflammatory, or otherwise violated the Rules of Court. Second, Ancientree did not raise new affirmative argument in its Post-Argument Submission. The last paragraph on Page 4 was in rebuttal to AKCA's arguments made regarding the Department's normal practice during Oral Argument. Because the Attachment to Ancientree's Post-Argument Submission demonstrates agency practice, it is akin to citing the Department's Issues and Decision Memorandums before the Court. It was not submitted to supplement the factual record of the underlying investigation.

1. **Ancientree's Filing was Not Made in Violation of the Rules of Court.**

A motion to strike should be granted only when there has been a "flagrant disregard of the rules of court," where "the brief demonstrates a lack of good faith," or where "the court would be prejudiced or misled by the inclusion in the brief of the improper material." *See* U.S. Motion to Strike at 2, citing *Florida Tomato Exchange v. United States*, 963 F. Supp. 2d 1334, 1338 (CIT 2014). Motions to strike are "disfavored" by courts and considered "extraordinary" remedies and thus "infrequently" granted. *See e.g.*, *Florida Tomato Exchange*, 963 F. Supp. 2d

at 1337; *Acciaci Speciali Terni S.p.A. v United States*, 120 F. Supp. 2d 1101, 1106 (CIT 2000); *Jimlar Corp. v. United States*, 647 F. Supp. 932, 934 (CIT 1986).

The USCIT Rule cited in the United States' motion is Rule 81(m):

> A brief or memorandum must be concise, logically arranged, and free from **burdensome, irrelevant, immaterial, pejorative and scandalous matter**. A brief or memorandum not complying with this rule may be disregarded by the court.

USCIT Rule 81(m). {Emphasis added}.

AKCA cites Rule 81(m) as well as Rule 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any **redundant, immaterial, impertinent, or scandalous matter**." *See* USCIT Rule 12(f). {Emphasis added}.

Yet, neither the United States nor AKCA explained how Ancientree's Post-Argument Submission, explaining the Department's own practice and supported by the Department's supplemental questionnaires issued in other proceedings, is burdensome, redundant, irrelevant, immaterial, pejorative, or scandalous. *See* USCIT Rules 12(f) & 81(m). Similar to the moving party in *Florida Tomato Exchange*, the United States and AKCA have failed to make any showing that they are entitled to have portions of Ancientree's Post-Argument Submission struck based on USCIT Rules. In *Florida Tomato Exchange*, plaintiff sought to include extra-record factual evidence to "demonstrate that the positions for which plaintiff advocates in this proceeding are directly contrary to the positions plaintiff has consistently taken in all prior related proceedings." *Florida Tomato Exchange*, 973 F. Supp. 2d at 1339. {Internal citation omitted}. "[T]he exhibits and reference thereto, that plaintiff seeks to strike, relate to the inconsistency of plaintiff's past positions which the court may consider in this proceeding." *Id*. The Court held that, as an initial matter, "plaintiff has failed to make any showing that it is

3

entitled to have defendant-intervenors' material struck based on USCIT Rules 12(f) and 81(m)…[because] plaintiff has failed to demonstrate the [] submission was made in bad faith or includes material that is scandalous or inflammatory, that the contested references are sufficiently irrelevant, [redundant, or] immaterial, or that the filing would prejudice or mislead the court in such a way that the drastic remedy requested of striking this material is warranted." *See id.* at 1340. {Internal citation omitted}.

At the conclusion of oral argument, parties were invited to submit a post-argument filing "if there is something that [the parties] want to **clarify, amplify, elaborate upon**." Oral Argument Recording, 1:05:46 – 1:05:52, available at https://www.cit.uscourts.gov/sites/cit/files/041421-20-00114-GSK.mp3 (last visited May 3, 2021). {Emphasis added}. During the oral argument, AKCA's counsel seriously misrepresented the Department's practice. Therefore, in Ancientree's Post-Argument Submission, section "Sawnwood Specificity & Other Inputs", Ancientree offered rebuttal arguments to AKCA's arguments made during the oral argument.

During oral argument, AKCA made the false claim that Ancientree cannot be allowed to further describe inputs in its surrogate value submissions. Specifically, in AKCA's words, the Department's "regulation and practice" for the "process of valuing the factors of production" is:

> **essentially a two-stage process** for valuing factors, raw material inputs, such as sawnwood. **In the first stage**, the respondent enumerates the factors it consumes, and describes them with enough detail, that Commerce and other parties can search for HTS codes, that match the factors that have been reported. The first stage includes the filing of initial questionnaire response and supplemental questionnaire responses by respondent. **At the end of the stage, all the parties have a clear and equal understanding of the factors consumed.**
>
> **In the second stage**, the parties submit information to value the factors that were enumerated and described in the first stage, this includes import statistics under

4

> specific HTS codes that match description of the factors. In this case, Ancientree is trying to use information from the second stage of the process to provide additional details about the factors that it consumed. If this was allowed, it would disrupt completely Commerce's practice for developing the record to value factors of production. ……

Counsel to AKCA, Oral Argument Recording, 55:56 – 57:19. AKCA's description implies that the Department's inquiry into respondents' factors of production stops at issuing its Section D Questionnaire, including related supplemental questionnaires, and before the surrogate value ("SV") submissions. That is plainly wrong.

In the underlying proceeding, like many other non-market economy proceedings, the Department sets an SV Preliminary deadline and a rebuttal deadline by letter. *See* Commerce's Letter – Request for Surrogate Country and Surrogate Value Comments (June 17, 2019), **PD850**; Commerce's Extension of Deadline to Submit SV Information (July 24, 2019), **PD920**; Commerce's Second Extension of Deadline to Submit SV Information (Aug. 1, 2019), **PD933**.[1] In addition, the final SV deadlines and rebuttal deadline are set out in the Department's regulations. *See* 19 C.F.R. §§ 351.301(c)(3)(ii) & (iv) (stating that SVs are due "no later than 30 days before the scheduled date of the preliminary results of review"; other parties can submit additional rebuttal factual information 10 days thereafter). As the Department almost always extends the preliminary determination or results, the final SV deadlines can, and do, move multiple times. That is the practice, plain and simple.

---

[1] Certain cited record documents here and in the subsequent two footnotes are not in the Joint Appendix but can swiftly be provided if the Court requests. These documents are on the record of this proceeding and known by all counsel.

As can be seen from the public administrative record index, all interested parties, including Ancientree and AKCA, filed multiple SV submissions.[2]  Significantly, aside from Ancientree, the other two mandatory respondents also further described their factors of production in their preliminary SV submissions by suggesting more specific SVs.[3]  Therefore, by categorizing the Department's practice as a two-stage process – questionnaire response and then SV submissions – AKCA materially and seriously misled the Court by asserting at oral argument that respondents cannot submit factual information describing their inputs after the filing of their Section D Questionnaire response.

As discussed in Ancientree's Post-Argument Submission, "Defendant-Intervenor wrongly claims such an approach {for Ancientree to further describe its inputs in surrogate value submissions} is out of the normal order of questionnaires and surrogate value deadlines. It is most common in antidumping proceedings that further details concerning the nature of inputs is discussed in surrogate value submissions or potentially later supplemental questionnaires." Ancientree Post-Argument Submission at 4 (Apr. 19, 2021), **ECF No. 53**.  AKCA's counsel has been practicing before the Department for many years and thus had no basis to make such statements in disregard of the Department's actual practice.  Therefore, pursuant to the Court's

---

[2] *See* Meisen Prelim. SV (Aug. 7, 2019), **PD939-940**; Meisen Prelim. Rebuttal SV (Aug. 19, 2019), **PD1005-1006**; Ancientree Prelim. SV (Aug. 7, 2019), **PD952-955**; Ancientree Prelim. Rebuttal SV (Aug. 19, 2019), **PD1007-1008**; Ancientree Final SV (Sept. 3, 2019), **PD1328-1332**; Foremost Prelim. SV (Aug. 7, 2019), **PD963-966**; Foremost Prelim. Rebuttal SV (Aug. 19, 2019), **PD1010-1012**; Foremost Final SV (Sept. 3, 2019), **PD1316-1322**; AKCA Prelim. SV (Aug. 7, 2019), **PD956-961**; AKCA Prelim. Rebuttal SV (Aug. 19, 2019), **PD1013-1014**; AKCA Final SV (Sept. 3, 2019), **PD1327**; AKCA Final Rebuttal SV (Sept. 13, 2019), **PD1356**.

[3] *Compare* Foremost Section D Qre. Resp. at Exhibit D-6-1 (July 22, 2019), **CD1032-1046, PD912**, *with* Foremost Prelim. SV at Exhibit SV-1-A (Aug. 7, 2019), **PD963-966**.  *Compare* Meisen Section D Qre. Resp. at Exhibit D-5 (July 19, 2019), **CD989-999, PD908**, *with* Meisen Prelim. SV at Exhibit 1 (Aug. 7, 2019), **PD939-940**.

instruction for post-argument filings and to clarify the Department's actual practice to the Court, Ancientree submitted the Attachment consisting of three supplemental questionnaires that the Department issued in administrative reviews of *Crystalline Silicon Photovoltaic Cells from China* ("Solar Cells from China").  There are many more examples beyond those cited by Ancientree of the Department's normal diligent investigatory techniques.  Ancientree's Post-Argument Submission was not made in bad faith, nor did it include material that is scandalous, inflammatory, irrelevant, or immaterial.  There are no grounds that warrant the Court to take the extraordinary measure to strike any portion of Ancientree's Post-Argument Submission from the record.

2. **Ancientree's Post Argument Submission Does Not Contain New and Affirmative Argument, Nor did Ancientree Intend to Supplement the Underlying Factual Record with the Attachment.**

Ancientree's affirmative argument has always been that the Department's chosen SVs for sawnwood are not the best available information on the record because they are less specific to the sawnwood consumed by Ancientree during production, as compared to the Malaysian 10-digit SV.  *See* Ancientree R56.2 Br. at 6-9 (Sept. 11, 2020), **ECF No. 28-2**; Ancientree Reply Brief at 10-12 (Jan. 21, 2021), **ECF No. 36**.  Ancientree did not attempt to make a new and affirmative argument in its Post-Argument Submission.  Instead, as discussed above, Ancientree merely intended to rebut AKCA's claims regarding *Department practice* made during oral argument.

Both the United States and AKCA turned a blind eye to the record facts that support Ancientree's affirmative argument, and faulted Ancientree for not building a full and complete record.  However, a respondent is not allowed to submit new factual information to the record at any given time.  Respondents likewise cannot foresee whether the Department may question the

information they place on the record.  Thus, the Department has the obligation to notify a respondent of perceived deficiencies and provide an opportunity for the respondent to respond if it determines that the factual information put on the record is not sufficient for the Department to make a decision about a particular surrogate value.  *See also*, Ancientree's Response to the Questions for Oral Arg. at 18 ("[Ancientree's SV submission] includes a company certification to the accuracy of its statements. … The Department did not request further information or find Ancientree's submission of these statements of fact was incomplete. … Therefore, the Department must accept this statement as accurate.") (Apr. 8, 2021), **ECF No. 43**.  Therefore, Ancientree did not raise brand-new arguments in its Post-Argument Submission; rather, Ancientree rebutted arguments made by other parties.

The United States asserted that supplemental questionnaires issued in *Solar Cells from China* reviews are non-record attachments, and the Court should not "depart from the statutory scope of review and consider documents that were not part of the administrative record before the agency."  U.S. Motion to Strike at 2 & 3, **ECF No. 55**.  However, Ancientree did not seek to introduce the attached supplemental questionnaires as factual evidence.  After all, the factual information underlying those supplemental questionnaires has no bearing on the specific issues raised in this case as the factors of production of solar cells and wooden cabinets are completely different from each other.  In particular, solar cell and module manufacturers do not consume "sawn wood".  Rather, Ancientree submitted the supplemental questionnaires to demonstrate the Department's *practice* to the Court and to rebut the obviously wrong statements about that practice only asserted by defendant-intervenor.  The Department has been notably silent on this point of practice, hiding from it rather than affirmatively denying it.

Generally, the Court's authority for judicial review is confined to the administrative record. *Florida Tomato Exchange*, 963 F. Supp. at 1337; *see also*, 19 U.S.C. § 1516a(b)(2)(A). However, the Court's consideration of agency's past practice is not limited to documents on the record. Ancientree's submission of supplemental questionnaires is akin to citing Issues and Decision Memorandums ("I&D Memos") from other proceedings. Precisely because the Department can, and often does, issue supplemental questionnaires to inquire about respondents' inputs before or even after preliminary decisions, such normal procedures are hardly ever contested or briefed and therefore do not end up in the Department's I&D Memos. However, the circumstance that the Department has no need to address an issue in its I&D Memo, does not wipe out the Department's policy and practice regarding that particular issue.

In *Brother Indus., Ltd. v. United States*, plaintiff submitted two attorney affidavits in support of its argument that the ITA's reliance on Section 614 of the Act, 19 U.S.C. §1677b(a)(1), is at odds with its practice pre-dating the 1984 Act. *See Brother Indus.*, 771 F. Supp. 374, 379 (CIT 1991). In that case, the Court noted:

> The intervenor-defendant has filed a motion to strike the affidavits as an attempt to expand the administrative record beyond that allowed under 19 U.S.C. § 1516a(b)(2) (A), citing, *inter alia*, *Ipsco, Inc. v. United States*, 13 CIT 489, 495, 715 F.Supp. 1104, 1109 (1989); *Armco Inc. v. United States*, 13 CIT 387, 712 F.Supp. 214 (1989); and *PPG Industries, Inc. v. United States*, 13 CIT 183, 708 F.Supp. 1327 (1989). It claims that, like a letter in *Ipsco* relating to an enduse certification procedure employed by the ITA after conclusion of the agency proceeding, "these affidavits containing attorneys' recollections of agency practice were not presented until after the proceedings were over and the record was closed." Intervenor-Defendant's Motion to Strike, p. 3.
>
> **This is true, but the court considers the affidavits to be within the realm of permissible legal argument under 19 U.S.C. § 1516a(b)(1)(B). When the agency rationale for its determination is consistency with prior administrative decisions, the nature of the methodology underlying them has bearing upon whether the determination was in accordance with law.** In short, intervenor-defendant's motion to strike must be, and hereby is, denied. *Cf. Hercules, Inc. v. United States*, 11 CIT 710, 735, 673 F.Supp. 454, 476 (1987).

9

*Id.* at note 4. {Emphasis added}.

In *Pakfood Pub. Co. v. United States*, respondent challenged the Department's exclusive reliance on CBP data in selecting mandatory respondents and argued that it was inconsistent with previous practice. *See Pakfood Pub. Co. v. United States*, 724 F. Supp. 2d 1327, 1335-1338 (CIT 2010) ("*Pakfood I*"). The Court ordered the Department to, on remand, "either provide an adequately reasoned explanation distinguishing the present case from apparently similar cases in which the Department has employed and continues to employ a materially different methodology, or else apply a methodology consistent with those similarly situated cases." *Id.* at 1338. The Court did not instruct the Department to re-open the record. Yet, in its redetermination, the Department cited multiple Respondent Selection Memos from unrelated cases and attached them in the remand record, to justify its new practice. *Pakfood Pub. Co. v. United States*, 753 F. Supp. 2d 1334, 1339-1340, notes 10-12 (citing several attached materials from different administrative reviews) ("*Pakfood II*").

The United States argued that it is unfairly prejudiced by Ancientree's submission of the supplemental questionnaires. *See* U.S. Motion to Strike at 2, **ECF No. 55**. However, the Department has institutional knowledge of how it conducts investigations and reviews. It is fully aware of its *own* practice and cannot be permitted to hide from it. Because the Department has institutional knowledge of its own practice, stating the Department's practice with evidence to support such practice does not prejudice the United States. In *Timken Co. v. United States*, the domestic industry challenged Commerce's decision to not apply AFA after verification of the respondent, Koyo. *See Timken Co.*, 16 F. Supp. 2d 1102, 1107 (CIT 1998). At oral argument, Commerce said that it "employed the institutional knowledge it has accumulated through years of Koyo verifications to determine that Koyo was incapable of providing data in Commerce's

preferred form and that Koyo's information served as a reliable basis for making a determination." *See id.* This Court found that "Commerce properly used its acquired knowledge of Koyo's computer systems and database to conclude that Koyo could not provide the information in the preferred form…." *Id.* at 1108. The Department apparently did not think that its institutional knowledge of a certain respondent from previous reviews constitutes extra-record facts. *See also*, *Clearon Corp. v. United States*, 2015 Ct. Intl. Trade LEXIS 91, Slip OP. 2015-91 at 34-35 (In response to the Court's questions, counsel referenced the Department's preliminary results SV Memo from the previous administrative review) (Aug. 20, 2015); *Kao Hsing Chang Iron & Steel Corp. v. United States*, 140 F. Supp. 2d 1379, 1382-83 (CIT 2001) (In the opinion, the Court quoted from a published book that was not on the record to illustrate certain practical aspects of how the Department conducts its investigations and reviews).

      AKCA also argues that it would require additional resources of the Court to examine "the entire record" of these *Solar Cells from China* reviews to "set the record straight". AKCA Motion to Strike at 4, **ECF No. 56**. That is absurd. The Attachment consists of three supplemental questionnaires; the first one asks respondent to "Identify[] Inputs" and provide description of the inputs; the second one is titled "Surrogate Value Supplemental Questionnaire"; in the third one, Question 3 states "[y]ou have identified consumption for the following inputs, but Commerce is unable to locate a description or a suggested HTS category for each item. Please identify and fully describe [these inputs]…" *See* Ancientree's Post-Argument Submission, Attachment, **ECF No. 53**. As clear as the supplemental questionnaires are, the Court does not need to examine the "entire record" of those reviews to understand that it is normal for the Department, when diligently and properly conducting investigations, to inquire

further with respondents when deciding which SV on the record is more specific to respondent's inputs in normal proceedings, which the Department failed to do here.

Lastly, AKCA argues that Ancientree's recount of verification details during the oral argument and in its Post-Argument Submission "misleads" the Court. *See* AKCA Motion to Strike at 5. Not true. It is an obvious fact from the verification report that the Department's verifiers toured Ancientree's production facility and saw what was used for its production. The Department also had knowledge prior to the verification of Ancientree's highly specific description of the major raw materials, such as sawnwood being not end-jointed or planed. Therefore, it is the lack of notation from the verification report that supports Ancientree's position that the Department verified that the sawnwood used by Ancientree is not end-jointed or planed. Is it plausible that verifiers conducted the standard required plant tour and said: "Show us all the raw materials except the wood inputs"? Of course not. It is not possible to tour the factory without seeing the major wood inputs. The Department at no stage in this proceeding questioned Ancientree's highly specific 10-digit descriptions of its sawn wood inputs. Thus, Counsel re-counted the obvious events of verification. *See* Counsel to Ancientree, Oral Argument Recording, 23:53 – 24:18.

Neither the United States nor AKCA objected to these rather banal comments during the oral argument. Due to the fact that the Post-Argument Submission was the opportunity for parties to "clarify, amplify, {and} elaborated upon" previous filings and statements made before the Court, Ancientree is permitted to include such verification details. Ancientree has consistently argued that it asserted a highly specific classification for its sawnwood inputs that was never contested or challenged before the Department's Final Determination. Alternatively,

at a minimum, the Department did not conduct a fair and diligent investigation. The United States' and AKCA's loud protestations belie their sensitivity to this point.

In light of the above, Ancientree respectfully requests that the Court deny the United States' and AKCA's Motions to Strike.

Respectfully submitted,

 /s/ Gregory S. Menegaz

Gregory S. Menegaz
J. Kevin Horgan
Alexandra H. Salzman*
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1090 Vermont Ave., N.W.  20005
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com

Date: May 5, 2021                     *Counsel to Plaintiff*

*Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).

13

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2007 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth.  Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains **3,590** words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1090 Vermont Ave., N.W.  20005
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com
*Counsel to Plaintiff*