UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| CABINETS TO GO, LLC, | )<br>) |
| *Plaintiff-Intervenor*, | )<br>) |
| v. | ) Court No. 20-00114 |
| UNITED STATES, | )<br>) |
| *Defendant,* | )<br>) |
| and | )<br>) |
| AMERICAN KITCHEN CABINET ALLIANCE, | )<br>) |
| *Defendant-Intervenor*. | ) |

**DEFENDANT-INTERVENOR'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S FINAL REMAND REDETERMINATION**

On behalf of the American Kitchen Cabinet Alliance ("AKCA"), we hereby submit the following comments on the final remand redetermination issued by the U.S. Department of Commerce ("Commerce") in the above-captioned action. *See* Final Results of Redetermination Pursuant to Court Remand Order (Oct. 12, 2021) (ECF 61) ("*Remand Redetermination*"). The *Remand Redetermination* issued by Commerce is fully in compliance with the opinion issued by the Court in *The Ancientree Cabinet Co., Ltd. v. United States*, Court No. 20-00114, Slip Op. 21-87 (CIT July 12, 2021) ("*Remand Opinion and Order*"). The AKCA therefore respectfully requests that the Court uphold Commerce's *Remand Redetermination* and issue final judgment in this action.

In the *Remand Opinion and Order*, the Court found that Commerce had failed to address the arguments raised by the Ancientree Cabinet Co. ("Ancientree") regarding alleged inconsistencies between the manner in which Commerce calculated financial ratios using Sigstrat's financial statements in the final determination and the manner in which it had calculated financial ratios using Sigstrat's financial statements in prior antidumping proceedings. *Remand Opinion and Order* at 25. According to Ancientree, Commerce "used significantly more delineated line items in Sigstrat's financial statements" in prior proceedings. *Id.* Ancientree also claimed that Commerce had erred in not explaining its change in practice in the use of the Sigstrat financial ratio calculation and by not responding to Ancientree's arguments on this issue. *Id.* at 26. The Court thus remanded Commerce's calculation of Sigstrat's financial ratio for further explanation "in light of Ancientree's unaddressed contention that Commerce changed its calculation methodology from its past decisions using Sigstrat's financial statements." *Id.* at 34.

In compliance with the Court's instructions, Commerce's *Remand Redetermination* fully addresses Ancientree's contention that Commerce's calculation of the Sigstrat financial ratio was inconsistent with its calculation of the Sigstrat financial ratio in prior proceedings. First, Commerce explained in the *Remand Redetermination* how its calculation methodology is consistent with the agency's established practice – which is to calculate financial ratios starting from cost of goods sold ("COGS") when available – and is, therefore, more precise and accurate than Ancientree's proposed methodology of starting from various line items in the company's income statement. *Remand Redetermination* at 9-11 (citing *Nantong Uniphos Chems. Co. v. United States*, 415 F. Supp. 3d 1345, 1351 (Ct. Int'l Trade 2019)). In addition, Commerce explained how its calculation methodology is consistent with its methodology in prior proceedings, where Sigstrat's financial statements were used to calculate surrogate financial

ratios. *Id.* at 14-17. In fact, Commerce's examination of the publicly available information regarding those proceedings shows that they support the manner in which Commerce calculated the financial ratios in the underlying investigation in this case. *Id.* at 17-19. Finally, accepting Ancientree's proposed methodology would result in Commerce failing to take advantage of one of the critical features of Sigstrat's financial statement that, as the Court recognized, make them superior to the Malaysian financial statements on the record – *i.e.*, the fact that Sigstrat's financial statements have a specific line item in Note 7 for indirect production expenses that encompasses all relevant manufacturing overhead costs. *Id.* at 31-32, 38.

For the foregoing reasons, Commerce's *Remand Redetermination* is fully compliant with the *Remand Opinion and Order* and is supported by substantial evidence and otherwise in accordance with law. Accordingly, the Court should uphold the *Remand Redetermination* and issue its final judgment in this case.

Respectfully submitted,

*/s/ Luke A. Meisner*
Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700
*Counsel for the American Kitchen Cabinet Alliance*

Dated: November 10, 2021