UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

THE ANCIENTREE CABINET CO., LTD.,

*Plaintiff,*

CABINETS TO GO, LLC,

*Plaintiff-Intervenor*,

v.

UNITED STATES,

*Defendant,*

and

AMERICAN KITCHEN CABINET ALLIANCE,

*Defendant-Intervenor*.

Court No. 20-00114

**DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S FINAL REMAND REDETERMINATION**

Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700
*Counsel for the American Kitchen Cabinet Alliance*

Dated: December 21, 2021

## Table of Contents

Table of Authorities ............ ii

I. Commerce's Remand Is Consistent with Its General Practice ............ 2

II. Using More Line Items to Calculate Financial Ratios Does Not Always Result in More Accuracy ............ 4

III. Commerce's Remand Is Consistent with Prior Proceedings ............ 6

IV. Conclusion ............ 7

## Table of Authorities

### Cases

*Dorbest Ltd. v. United States*, 604 F.3d 1363, 1368 (Fed. Cir. 2010) .......................................... 2

*Nantong Uniphos Chems. Co. v. United States*, 415 F. Supp. 3d 1345 (Ct. Int'l Trade 2019) .. 2, 3

### Other Authorities

*Chlorinated Isocyanurates From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012-2013*, 80 Fed. Reg. 4539 (Dep't Commerce Jan 28, 2015) ........................................................................................ 5

*Multilayered Wood Flooring Final Results of Antidumping Duty Administrative Review and New Shipper Review and Final Determination of No Shipments; 2017-2018*, 85 Fed. Reg. 78118 (Dep't Commerce Dec. 3, 2020)........................................................................ 7

*Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Administrative Review; 2013-2014*, 81 Fed. Reg. 46,899 (Dep't Commerce July 19, 2016)................................................................................................................... 6

*Multilayered Wood Flooring From the People's Republic of China; Final Determination of Sales at Less Than Fair Value*, 76 Fed. Reg. 64318 (Dep't Commerce Oct. 18, 2011) ............ 4

### Regulations

9 C.F.R. § 351.408(c)(4) ......................................................................................................... 2

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

THE ANCIENTREE CABINET CO., LTD.,

*Plaintiff,*

CABINETS TO GO, LLC,

*Plaintiff-Intervenor,*

v.

UNITED STATES,

*Defendant,*

and

AMERICAN KITCHEN CABINET ALLIANCE,

*Defendant-Intervenor.*

Court No. 20-00114

**DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S FINAL REMAND REDETERMINATION**

On behalf of the American Kitchen Cabinet Alliance ("AKCA"), we hereby submit the following reply to the comments filed by Ancientree Cabinet Co. ("Ancientree") on the final remand redetermination issued by the U.S. Department of Commerce ("Commerce") in the above-captioned action. *See* Final Results of Redetermination Pursuant to Court Remand Order (Oct. 12, 2021) (ECF 61) ("*Remand Redetermination*"). As discussed in great detail below, the *Remand Redetermination* issued by Commerce is fully in compliance with the opinion issued by the Court in *The Ancientree Cabinet Co., Ltd. v. United States*, Court No. 20-00114, Slip Op. 21-87 (CIT July 12, 2021) ("*Remand Opinion and Order*"). All of Ancientree's objections to the *Remand Determination* were already raised in the proceedings below and thoroughly addressed

by Commerce. The AKCA therefore respectfully requests that the Court uphold Commerce's *Remand Redetermination* and issue final judgment in this action.

**I. Commerce's Remand Is Consistent with Its General Practice**

The court should reject Ancientree's argument that Commerce's calculation of the financial ratios is inconsistent with the agency's practice. *See* Ancientree Comments in Opposition to Remand Redetermination (Nov. 12, 2021) (ECF 67) ("Ancientree Comments") at 1. According to Ancientree, it is Commerce's "normal and logical calculation methodology to start with the {profit & loss ("P&L")} statement in its ratio calculations." *Id.* at 2. Ancientree further claims that "is illogical to start with the notes and then takes some line items from the P&L statement rather than starting with the P&L statement and disaggregate costs (such as COGS) from the notes." *Id.* at 2. As discussed below, however, Commerce followed its practice with respect to calculating financial ratios in the *Remand Redetermination*, and this practice is logical and supported by substantial evidence in this case.

The purpose of calculating financial ratios is to use these ratios to determine, pursuant to the antidumping statute's non-market economy methodology, surrogate values for manufacturing overhead, selling, general, and administrative ("SG&A"), interest expenses, and profit. *See Dorbest Ltd. v. United States*, 604 F.3d 1363, 1368 (Fed. Cir. 2010) (citing 19 C.F.R. § 351.408(c)(4)). Thus, as Commerce explained in its *Remand Redetermination*, its practice is to calculate financial ratios using financial statements — and line items from the financial statements — that list costs by function (*e.g.,* manufacturing overhead, selling expenses, or general and administrative expenses) rather than by the type of transaction involved (*e.g.,* labor or rent). *See Remand Redetermination* at 12 (citing *Nantong Uniphos Chems. Co. v. United States*, 415 F. Supp. 3d 1345, 1354-55 (Ct. Int'l Trade 2019)). Expenses categorized by type of transaction, such as labor, can relate to wages paid to manufacturing workers or salary paid to

sales representatives. *Remand Redetermination* at 12. Thus, when one of the goals of calculating financial ratios is to calculate a separate surrogate value for manufacturing, it is not always as accurate to rely on line items that are specific to labor. For similar reasons, because the denominator of Commerce's financial ratios involves a company's total cost of manufacturing, the agency prefers using financial statements that include a line item for the cost of goods sold ("COGS"), which can then easily be used the calculate the cost of manufacturing for the surrogate company. *Id.*

In *Nantong,* the Court of International Trade ("CIT") upheld Commerce's preference for using COGS as the starting point for valuing manufacturing overhead, SG&A, and profit. *Nantong*, 415 F. Supp. 3d at 1359. Notably, even though Commerce discussed and relied on *Nantong* extensively in its *Remand Redetermination*, Ancientree has not even referenced *Nantong* in its comments—let alone attempt to distinguish *Nantong* from this case or explain why it is does not establish Commerce's established practice. Furthermore, Commerce cited multiple other authorities in its *Remand Redetermination* supporting the proposition that the agency's practice and preference is "to use financial statements that list costs by function rather than by type of transaction and that includes a line item for the {COGS}, because expenses such as labor can relate to manufacturing, administration, and selling" and that Commerce has "developed a consistent and predictable practice of using COGS as the denominator to calculate the SG&A and interest and profit ratios." *See Remand Redetermination* at 23-24 (citations omitted). Ancientree has also failed to reference or distinguish any of these other authorities. Its argument that Commerce failed to follow its own established practice is thus completely baseless.

Ancientree insists that Commerce should have used line items from Sigstrat SA's ("Sigstrat's") P&L statements as the starting point for calculating financial ratios. However, as Commerce explained in its *Remand Redetermination*, the line items from Sigstrat's P&L statement do not permit the agency to ascertain Sigstrat's direct manufacturing costs because they include costs related to both manufacturing and SG&A and do not distinguish between these two functions. *Remand Redetermination* at 13. This reasoning is, as discussed above, consistent with Commerce's rationale for its established practice for calculating financial ratios.

Ancientree's reliance on *Multilayered Wood Flooring From the People's Republic of China* is completely unavailing. *Final Determination of Sales at Less Than Fair Value*, 76 Fed. Reg. 64318 (Dep't Commerce Oct.18, 2011) ("*MLWF from China LTFV Investigation*") and accompanying IDM at Comment 2. Ancientree cites this case for the proposition that starting with the notes to the financial statement rather than starting with the P&L statement "is contrary to the flow of the statements." *See* Ancientree Comments at 2. However, as Commerce explained in its *Remand Redetermination,* Commerce appears to have used COGS as the basis for calculating the financial ratios in its determination in *MLWF from China LTFV Investigation*. *Remand Redetermination* at 35. Thus, this case also supports Commerce's calculation of the financial ratios in the *Remand Redetermination.*

**II. Using More Line Items to Calculate Financial Ratios Does Not Always Result in More Accuracy**

There is also no merit to Ancientree's argument that Commerce's calculation is not as accurate as possible because "the ratio calculation uses less line items from the statement, allowing for less separation of various different type of costs and a less specific and accurate ratio calculation." Ancientree Comments at 5. However, Commerce explained in detail why using more line items in this case would not results in a more accurate calculation of the

financial statements. *Remand Redetermination* at 35-36. COGS, by definition, includes direct materials, direct labor, and production overhead costs. *Id.* COGS is thus the best starting point to calculate the cost of manufacturing used as the denominator in the calculation of financial ratios. *Id.* There is no need to cobble together a cost of manufacturing from multiple line items for "labor" or "materials" when there is a single line item in the notes that includes the complete relevant costs to this calculation. *Id* at 36. The use of multiple line items makes for a more complicated calculation that can create an illusion of more precision, but it actually a less precise way of calculating the cost of manufacturing used as the denominator for financial ratios. *Id.* This is especially the case where, as here, the line items for expenditures such as "personnel expenditures" pertain not only to manufacturing costs but also administrative costs. *Id.*

The cases cited by Ancientree in this regard are easily distinguished. For example, in *Chlorinated Isocyanurates From the People's Republic of China,* Commerce did not state that it preferred to calculate cost of manufacturing using multiple line items instead of COGS. *See Chlorinated Isocyanurates From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012-2013*, 80 Fed. Reg. 4539 (Dep't Commerce Jan. 28, 2015) and accompanying IDM at Comment 2C. Rather, Commerce explained that, when selecting among numerous financial statements to use as the basis for calculating financial ratios, it was rejecting the financial statements of one company that were not sufficiently detailed to reliably calculate financial ratios because they did not contain certain line items that would allow Commerce to ensure that raw material and energy costs were captured for purposes of calculating the financial ratios. Commerce rejected the financial statements in question in favor of the financial statements of another company that did provide sufficient detail. This is the same principle that was recognized by the Court in its opinion in this case. *See Remand Opinion and Order* at 17

("While Commerce occasionally relies on financial statements that lack certain details, such as energy or overhead, it prefers financial statements that contain the full level of details.") (internal quotation and citation omitted).

After Commerce has selected financial statements with sufficient detail to calculate financial ratios, however, there is no general preference to use as many line items as possible. The goal is accuracy – not unneeded complexity.

## III. Commerce's Remand Is Consistent with Prior Proceedings

The court should likewise reject Ancientree's argument that Commerce's calculation of financial ratios using Sisgtrat's P&L statement is somehow inconsistent with the calculation of financial ratios using Sigstrat's financial statements in prior proceedings. Ancientree Comments at 6. As Commerce explained in the *Remand Redetermination*, however, Ancientree's reference to these prior proceedings is misleading, because there is no public information in the cited decisions or on the record of the instant proceeding that sheds light on how the financial ratios were calculated in those prior proceedings. *Remand Redetermination* at 17. In fact, only one of the of the four prior proceedings referenced by Ancientree publicly discussed Commerce's financial ratio calculation methodology. Moreover, Commerce's discussion in that proceeding undermines Ancientree's argument, because it shows that Commerce calculated the financial ratios using COGS as the starting point, and it explains that using COGS was preferable to using Sigstrat's P&L statement. *Id.* at 18-19 (citing *Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Administrative Review; 2013-2014*, 81 Fed. Reg. 46,899 (Dep't Commerce July 19, 2016).

Ancientree relies in vain on Commerce's calculation of financial ratios using Sigstrat's financial statements in *Multilayered Wood Flooring Final Results of Antidumping Duty Administrative Review and New Shipper Review and Final Determination of No Shipments;*

*2017-2018*, 85 Fed. Reg. 78118 (Dep't Commerce Dec. 3, 2020). As Commerce explained in detail in its *Remand Redetermination*, the agency's public decision memorandum in that proceeding indicates that the financial ratios in that case were based on COGS from Note 4 of Sigstrat's financial statements, just like the calculations in this case. *Remand Redetermination* at 27.

**IV. Conclusion**

For the foregoing reasons, Commerce's *Remand Redetermination* is fully compliant with the *Remand Opinion and Order* and is supported by substantial evidence and otherwise in accordance with law. Accordingly, the Court should uphold the *Remand Redetermination* and issue its final judgment in this case.

Respectfully submitted,

*/s/ Luke A. Meisner*

Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700
*Counsel for the American Kitchen Cabinet Alliance*

Dated: December 21, 2021